# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY WILLIAMS, #B52999,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-425-SMY |
| | ) |
| **VIENNA CORRECTIONAL CENTER,** | ) |
| **WEXFORD HEALTH SOURCE'S, INC.,** | ) |
| **KEVIN HALLORAN,** | ) |
| **ALLEN KARRAKER,** | ) |
| **JOE EBBITT,** | ) |
| **DR. APOSTLE,** | ) |
| **DR. J. COE,** | ) |
| **PENNY GORGE,** | ) |
| **JEANNE CAMPANELLA,** | ) |
| **MATTHEW SWALLS,** | ) |
| **MR. LUCE,** | ) |
| **J. O'NEAL,** | ) |
| **DUANE INMAN,** | ) |
| **JOHN BALDWIN,** | ) |
| **DEBBY KNAUER,** | ) |
| **and K. MURPHY,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Proceeding *pro se*, Plaintiff Gregory Williams filed the instant action pursuant to 42 U.S.C. § 1983 on February 20, 2018. (Doc. 1). Plaintiff did not sign his Complaint, which is a requirement for every pleading under Federal Rule of Civil Procedure 11(a). On February 21, 2018, the Court entered an Order requiring Plaintiff to submit a properly completed and signed complaint within twenty-eight (28) days of the Order, on or before March 21, 2018. (Doc. 5). Plaintiff was warned that failure to file a signed complaint by the deadline or consistent with the Court's Order (Doc. 5) would result in dismissal of the action and striking of the Complaint. *Id*.

1

(citing FED. R. CIV. P. 41(b)).

The deadline for filing the signed complaint has now passed. Plaintiff did not file a signed complaint. He also did not request an extension of the deadline for doing so. The Court will not allow this matter to linger indefinitely.

Accordingly, the action is hereby **DISMISSED without prejudice**, without leave to amend, based on Plaintiff's failure to comply with this Court's Order (Doc. 5) and/or for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall not count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's Motion for Attorney Representation (Doc. 3) is **DENIED** as moot. Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Doc. 2) will be addressed in a separate order of the Court. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable.[1] *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, *unless* pauper status has been granted.

day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 28, 2018**

s/ STACI M. YANDLE<br>
**United States District Judge**